Christopher J. Eads Reg. #10391-028
Name and Prisoner Number/Alien Registration Number

U.S. Penitentiary Tucson
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson, AZ 85734
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

FILED ✓ ___ LODGED
___ RECEIVED ___ COPY

7    **JUL 2 3 2018**    7

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

CHRISTOPHER J. EADS
(Full Name of Petitioner)

CV 18-0356 TUC JGZ DTF

                    Petitioner,        )  CASE NO. _____
                                       )        (To be supplied by the Clerk)
            vs.                        )
                                       )
SHARTLE                              , )  **PETITION UNDER 28 U.S.C. § 2241**
(Name of Warden, Jailor or authorized person )  **FOR A WRIT OF HABEAS CORPUS**
having custody of Petitioner)          )  **BY A PERSON IN FEDERAL CUSTODY**
                                       )  AND MOTION TO HOLD PETITION IN
            Respondent.               )  ABEYANCE FOR 60 DAYS
                                       )

### PETITION

1.  What are you challenging in this petition?
    - ☐ Immigration detention
    - ☐ Bureau of Prisons sentence calculation or loss of good-time credits
    - ☐ Probation, parole or supervised release
    - ☒ Other (explain): Conviction and Sentence in case below

2.  (a) Name and location of the agency or court that made the decision you are challenging: U.S. District Court for the Southern District of Indiana, Indianapolis Division

    (b) Case or opinion number: No. 1:11-cr-00239-TWP-KPF

    (c) Decision made by the agency or court: Guilty by jury trial of 3 charges: 18 U.S.C. §2252(a)(2), 18 U.S.C. §2252(a)(4)(B); 18 U.S.C. §1512(b)(1) Sentenced to 480 mos. imprisonment and lifetime supervised release.

Revised 3/9/07                              1

**530**

(d) Date of the decision: _February 12, 2012_

3. Did you appeal the decision to a higher agency or court?     Yes ☒   No ☐

If yes, answer the following:

(a) First appeal:

    (1) Name of the agency or court: _U.S. Court of Appeals for the Seventh Circuit_

    (2) Date you filed: _March 8, 2012 (approximate)_

    (3) Opinion or case number: _No. 12-2466_

    (4) Result: _Affirmed judgment of lower court_

    (5) Date of result: _September 6, 2013_

    (6) Issues raised: _Reported at United States v. Eads, 729 F.3d 769_
    _(7th Cir. 2013)_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b) Second appeal:

    (1) Name of the agency or court: _U.S. Supreme Court_

    (2) Date you filed: _November 1, 2013 (approximate)_

    (3) Opinion or case number: _Eads v. United States, 134 S. Ct. 978 (2014)_

    (4) Result: _Certiorari denied_

    (5) Date of result: _January 13, 2014_

    (6) Issues raised: _Same as below before Court of Appeals_

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c) Third appeal:     NONE

    (1) Name of the agency or court: _____

    (2) Date you filed: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.  If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

5.  Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?      Yes ☒      No ☐

If yes, answer the following:  Motion under 28 U.S.C. §2255 filed, please see details on page 8 of this form.

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: Pretrial counsel was ineffective and the trial court did not provide Petitioner sufficient time or resources with which to marshal exculpatory evidence that was then discoverable and would have led a reasonable jury to acquite Petitioner.

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):
Prior to trial, Petitioner was faced with the dilemma of either pro-ceeding with counsel who had failed to follow up on several important sources of exonerating evidence Petitioner had identified, or dismiss-ing his attorney and attempting to seek the evidence himself.  The trial court did not offer Petitioner the option of new appointed counsel.  So Petitioner attempted to proceed pro se.  However, the Court did not provide sufficient time or resources to marshal all available exculpatory evidence.

This ground will be detailed further in a supplemental filing within 60 days.

(b)  Did you exhaust all available administrative remedies relating to Ground One?   Yes ☐   No ☐
Not applicable - no available administrative remedies.

(c)  If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:
There were no available administrative remedies.

**GROUND TWO**: Due to prosecutorial misconduct and to ineffective assistance of standby trial counsel, a key witness—Petitioner's wife—was improperly dissuaded from testifying.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner's wife would have offered exculpatory evidence that went to the heart of the prosecution's case. In particular, she would have disputed and rebutted the FBI officer's testimony that she told them Petitioner had said he had to look at child pornography as part of an undercover cooperative assignment with the FBI. She would have testified that in fact, she was just offering this as a possible explanation after the FBI officers insisted they knew for sure her husband was viewing child pornography. Petitioner's wife would have offered this and other exculpatory evidence. However, she was threatened and intimidated by the prosecution and FBI and told that her children would be taken away if she testified to things they did not want to be made part of the record. Standby counsel also failed to act in Petitioner's best intersts when he did not assure Petitioner's wife that she would be protected so long as she testified truthfully. Instead, he convinced her it would be safest not to testify, even though this would seriously harm her husband's defense. Petitioner accepted this state of affairs, only because he was led to believe that his children could be left with no parent free, leading them to be placed in foster care. Petitioner decided he would rather be found guilty than have this happen. But he never should have been forced to confront that choice.

(b) Did you exhaust all available administrative remedies relating to Ground Two?     Yes ☐   No ☐
    Not applicable - no administrative remedies available.

(c) If yes, did you present the issue to:
    ☐ The Board of Immigration Appeals
    ☐ The Office of General Counsel
    ☐ The Parole Commission
    ☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Two, explain why:
    No administrative remedies were available.

5

**GROUND THREE:** Petitioner has produced new evidence either not reasonably available prior to the jury's decision, or that was not discovered or obtained only due to ineffective assistance of counsel. Based on the new evidence, Petitioner submits that a reasonable jury would have found reasonable doubt as to his guilt. However, under the second or successive §2255 standard, his new evidence does not meet the more stringent "clear and convincing" evidence standard.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner has produced substantial new evidence including business records reliably placing him far from his home and computer on dates that he was supposedly in his living room downloading pornography using an IP address associated with that geographical location. He has also produced affidavits and other corroborating information from family members and others showing that his whereabouts at times the computer was active at his house were not consistent with him having been there to use it.

(b) Did you exhaust all available administrative remedies relating to Ground Three?    Yes ☐    No ☐
No administrative remedies available.

(c) If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d) If you did not exhaust all available administrative remedies relating to Ground Three, explain why:
No administrative remedies were available.

6

**GROUND FOUR:** Ineffective Assistance of Pre-Trial Counsel: Pre-trial counsel failed to obtain a computer forensic expert that could have identified patters of use on the computer showing it was operated by Petitioner's sometime-visitor, Nathan.  The expert also could have established that it was impossible Petitioner could have been operating the computer at certain times.

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.): Petitioner's computer contained a rich store of user data and files tracking internet use that would have shown an additional user was utilizing the computer to download child pornography, and that he was using it at times when it would have been impossible for the Petitioner to have been operating the computer.

(b)  Did you exhaust all available administrative remedies relating to Ground Four?     Yes ☐     No ☐
No administrative remedies available.

(c)  If yes, did you present the issue to:
☐  The Board of Immigration Appeals
☐  The Office of General Counsel
☐  The Parole Commission
☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why: No administrative remedies were available.

**Please answer these additional questions about this petition:**

7.    Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☒        No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)  Have you filed a motion under 28 U.S.C. § 2255?        Yes ☒        No ☐

If yes, answer the following:

(1) Name of court:  U.S. District Court, Southern District of Indiana

(2) Case number:  1:14-cv-1169-TWP

(3) Opinion or case number:  2017 U.S. Dist. LEXIS 75692 (May 17, 2017)

(4) Result:  Denied

(5) Date of result:  May 17, 2017

(6) Issues raised:  See reported decision.

Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.

(b)  Explain why the remedy under § 2255 is inadequate or ineffective: _____
See ground three: standard for permission to file second or successive §2255 based upon new evidence is higher than the standard that would be required for a grant of relief in a habeas corpus petition under §2241.  Accordingly, the Court must either find it has jurisdiction under the §2255 "saving clause," or find that §2255 violates the Suspension Clause.

8.    If this case concerns immigration removal proceedings, answer the following:

(a)  Date you were taken into immigration custody:  Not applicable

(b)  Date of removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?        Yes ☐        No ☐

(1) Date you filed: _____

(2) Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?     Yes ☒     No ☐

(1)  Name of the court: Court of Appeals for the Seventh Circuit

(2)  Date you filed: July 1, 2017 (approximate)

(3)  Case number: Unknown

(4)  Result: Certificate of Appealability Denied

(5)  Date of result: April 1, 2018 (approximate)

(6)  Issues raised: Same as those raised below in §2255, primarily factual
innocence based on newly discovered evidence and failure of pre-
trial counsel to adequately investigate, leading to nondiscovery
of exulpatory evidence that effective counsel would have found.

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.  Petitioner asks that the Court grant the following relief: Vacate the judgment of conviction
and sentence and order a new trial; or order Respondent to release
Petitioner if the S.D. Ind. trial court does not enter an order vacat-
ing its judgment and setting a new trial; and such other relief as the
Court deems proper.

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

Petitioner further requests that the Court hold this matter in abeyance for
60 days while he determines whether a supplemental filing is needed and
while he pursues a BOP-199 check requisition for payment of filing fees.

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on July 3, 2018 _____(month, day, year).

_____
**Signature of Petitioner**

_____Pro Se_____        July 3, 2018_____
Signature of attorney, if any                  Date

9

<u>Via Certified Mail</u>

July 2, 2018

U.S. District Court Clerk
U.S. Courthouse, Suite 1500
405 West Congress Street
Tucson, AZ 85701-5010

**Subject:  Habeas Corpus (§2241) Initial Filing**

Dear Clerk,

Enclosed for filing please find my Petition for Writ of Habeas
Corpus under 28 U.S.C. §2241.  This is a challenge to my federal
conviction and sentence and is brought under §2241 pursuant to the
§2255 "saving clause."

I do have over $25 in my inmate trust account, but am unable
to enclose the $5 filing fee.  My only means of payment is to
have the U.S. Bureau of Prisons issue a cashier's check to the
court in my name.  This process will take a few weeks.  Please
do not dismiss my case, pending payment of this fee.

I have included in my habeas petition a request that the court
hold this matter in abeyance for 60 days.  This is both to allow
for receipt of court fees and to allow me to submit any needed
supplements.

Thank you very much for your assistance.

Sincerely,

Christopher Eads

Enclosures